# Lessee of James Todd *against* John Pfoutz.

In what cases performance of an agreement as to the sale of lands will be en- forced, where no money has been paid, but bonds given.
The cases in England on this subject are not strictly applicable to this state.

Ejectment for 300 acres of land in Greenwood township.

It was admitted that Benjamin Poultney was seized of the lands in question, prior to the 24th June 1783.

On that day he entered into articles of agreement with Leonard Pfoutz, whereby after reciting that Pfoutz had executed to him three obligations, each conditioned for the payment of 138l. 6s. 8d. on the 1st May 1784, 1785 and 1786, Poultney covenants, that when these bonds are paid, he will procure a patent for, and by a firm conveyance assign over, all his right to 158 acres and 123 perches of land, surveyed in the name of Jacob Gardiner, on the 13th May 1766, under a warrent dated 4th June 1762, unto the said Leonard Pfoutz, his heirs and assigns.

*On the 3d July 1784, Leonard Pfoutz assigned to the defendant John Pfoutz, and his heirs, all his right and interest, subject to the payment of Poultney's bonds.  In consequence whereof, the defendant entered into possession, built a good house one and a half stories high, with a single roof, and a piazza likewise covered, a good double barn covered with

[Todd's Lessee *v*. Pfoutz.]

boards and slabs, a saw-mill completed at a great expence, cleared between 80 and 100 acres of land, planted an orchard, and made other good improvements. He had paid no part of the bonds according to his stipulation ; but it was agreed on by the counsel, that the consideration money should be considered as lodged in court, ready to be paid to the lessor of the plaintiff, who was admitted to be the legal representative of Poultney who died in 1793, in order that the question might be determined, whether, after so great a delay, a specific execution of the agreement would be enforced.

Mr. Duncan for the plaintiff contended, that it would be highly inequitable, that a vendor should be bound to perform his contract, when the vendee has been guilty of the grossest delay by withholding payments for fifteen, sixteen and seventeen years, and the object of the sale daily rising in value. The performance of a contract which has lain dormant may years, will not be decreed. 5 Vin. 534, pl. 38. 1 Fonbla. 321, 322. The conduct of a party attended by circumstances of delay, will be considered as evidence of abandonment of his contract. 4 Bro. Ch. Rep. 470. There may be such a difference in point of value arising from the delay, as may be a good reason for not compelling performance of the contract. Ib. 329, Pineke v. Curtis.

Mr. C. Smith for the defendant urged, that it would be equally if not more inequitable, that a purchaser should be deprived of the most valuable improvements without compensation, when he is willing, though at a late day, to pay the full consideration and interest. The legal measure of damages for non-payment of money, is interest, which is deemed an equivalent. Equity will relieve against the breach or non-performance of a condition, whether it be precedent or subsequent, where a compensation can be made. 1 Bac. 406. 1 Fonbla. 199, 200.

The court said, that facts had not been sufficiently disclosed, to enable them to form an accurate judgment on the point submitted to them. It was hardly possible to believe, that no communications had passed between the vendor and his representatives, and the defendant, on the subject of their purchase, *for above seventeen years. Had no money been paid [*179 or tendered ? Had no further time for payment been given ? Had no money been demanded ?

The cases in England are not strictly applicable from our local situation. European lands are more stationary, and do not rise so rapidly in value as in a new country : and it will become a question of moment, how far the English decisions should be adopted, on agreements of considerable standing, where little or no money has been paid, and the state of property has greatly altered. Every case must depend on its own particular circumstances. It is always discretionary in a court of equity, whether they will decree the specific performance of a contract or not.

[Stevenson et al. *v.* Carothers.]

4 Bro. Cha. Rep. 87. 1 Ves. jr.' 565. Where trifling or backwardness has been shewn in the performance of an agreement, a specific execution will not be decreed, especially if circumstances are altered. 1 Fonbla. 384. 5 Vin. 538, pl. 18. But the prevailing distinction in equity, as to compensation for the breach of a condition, has been justly stated by the defendant's counsel. Yet notwithstanding this, shuffling off payment of the money and delay, will excuse from the specific execution of articles ; (2 Equ. Ca. Ab. 688, pl. 5) and where either party has been guilty of gross negligence, the court will not lend its assistance to the completion of the contract. 4 Bro. Cha. Rep. 497. If part of the consideration money has been paid on an agreement for the sale of land, it will not be vacated by default of payment of the residue. 2 Wms. 66. 3 Wms. 187. We believe, it will be found on examining the books, that in almost all the cases, where equity has refused to interpose their aid to complete an agreement, either circumstances have greatly altered, or there have been no bonds given, money paid, full possession delivered, or valuable improvements made. Here bonds have been given with warrants to enter up judgments, whereby the seller might have enforced the payment of his debt, complete possession delivered, and permanent valuable improvements made, at a great expence. Still we deem it most eligible, in the present state of the facts, to give no decided opinion. The ends of justice will be fully answered by taking a verdict for the plaintiff for the premises and judgment thereon, with a stay of execution until the 1st November next. Let this judgment be subject to defeasance on the payment of the sum justly due under the articles, with interest and costs, before that day. If not then done, let the judgment be peremptory.

The parties acquiesced in the recommendation of the court, and a verdict was taken accordingly.

Referred to in 3 W. & S. 58.